IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| MARY ANN INGRAM, as    )<br>Executrix of the Estate of )<br>Ada Erle Church and    )<br>Personal Representative of )<br>Ada Erle Church, deceased, )<br>            )<br>    Plaintiff,    )<br>            )<br>    v.        )<br>            )<br>JANSSEN RESEARCH &    )<br>DEVELOPMENT, LLC f/k/a    )<br>Johnson and Johnson    )<br>Pharmaceutical Research )<br>and Development, LLC, et )<br>al.,        )<br>    Defendants.    ) | CIVIL ACTION NO.<br>2:14cv1125-MHT<br>(WO) |

OPINION AND ORDER

The allegations of the amended complaint in this case are insufficient to invoke this court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).  To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship.  See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam); see also Bonner v.

Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).  The allegations must show that the citizenship of each plaintiff is different from that of each defendant.  See 28 U.S.C. § 1332; see also 2 James Wm. Moore, et al., Moore's Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

The plaintiff's complaint fails to meet this standard in two ways.  First, the complaint does not allege the citizenship of the plaintiff, who brings suit in her capacity as the executrix of the estate, as well as personal representative, of a decedent.  "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent...."  28 U.S.C. § 1332(c)(2).  Therefore, in order to allege properly the citizenship of the plaintiff, the complaint must allege the citizenship of the decedent whose estate the plaintiff represents.

**Second**, the complaint is insufficient because it does not indicate the citizenship of a party that it identifies as a 'limited liability company': Janssen Research & Development, LLC.  "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."  <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11th Cir. 2004).  The complaint must therefore allege "the citizenships of all the members of the limited liability company."  <u>Id</u>.  And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until January 9, 2015, to amend the complaint further to allege jurisdiction

3

sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 29th day of December, 2014.

                           /s/ Myron H. Thompson
                           UNITED STATES DISTRICT JUDGE